

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/04/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUANA E. QUEZADA,

                Plaintiff,

    -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

17-CV-6572 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Plaintiff Juana E. Quezada, represented by attorney Irwin B. Silverman, filed an action in this Court after the Social Security Administration (SSA) denied her application for disability benefits. On June 22, 2018 – after plaintiff filed a motion for judgment on the pleadings but before the motion was fully briefed – the parties signed a stipulation, which the Court so-ordered, remanding the case to the SSA for further proceedings. (Dkt. 23.)

    Now before the Court is plaintiff's motion, made pursuant to § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), for an order approving a contingent fee award in the amount of $11,267.75. (Dkt. 27.)[1] In his supporting affirmation, attorney Silverman attests that his "services was Contingent upon the successful prosecution of the case," that he has not yet received any payment from his client, and that the Social Security Administration is "withholding a total sum of $11,267.75" in connection with his work on this case, representing "25% of withheld past-due benefits which will be used to pay the attorney fee once it is approved." Silverman Aff. (Dkt. 28) at 1-2 (grammar and capitalization as in the original). However, Silverman failed to attach either his contingent fee agreement with his client or the SSA's Notice of Award (NOA). The only

---

[1] Plaintiff initially filed her fee motion on November 27, 2021 (Dkt. 25), but it was flagged as deficient, prompting plaintiff to re-file three weeks later on December 18, 2021. (*See* Dkts. 27, 28.) In this Order, I cite to the properly-filed papers.

attachment to his affirmation is a copy of his time records, running from January 10, 2014 to July 16, 2021, reflecting a total of 78-1/2 hours of work on this matter over approximately 7-1/2 years, both before the agency and in this Court. Silverman Aff. Ex. 1 (Dkt. 28-1).

In response to plaintiff's fee motion, the Commissioner helpfully provides a copy of the SSA's NOA, dated September 20, 2020, which states that plaintiff's past-due benefits were $69,071.00, of which the agency withheld 25%, or $17,267.75, to pay her representative (that is, attorney Silverman) pursuant to 42 U.S.C. § 406(b), should this Court approve such an award. *See* Def. Resp. (Dkt. 26) Ex. A (Dkt. 26-1) at 6. The NOA also informed plaintiff that the agency used $6,000.00 of those withheld funds to pay her representative for his work before the SSA itself. *Id.* at 4. It thus appears that the $11,267.75 now sought by attorney Silverman pursuant to § 406(b) represents the *remainder* of the 25% set aside by the SSA.[2]

The Commissioner also points out, in her capacity as quasi-trustee for the claimant, *see Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002): (i) that plaintiff's § 406(b) fee motion was untimely filed; (ii) that attorney Silverman never requested fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, which he would be required to refund to his client should he be awarded fees under § 406(b); and (iii) that attorney Silverman only spent 20 hours working on plaintiff's case in this Court. Def. Resp. at 2, 4-5.

As discussed in more detail below, plaintiff's § 406(b) motion will be denied because it was untimely filed and because there is no evidence before the Court that plaintiff ever agreed to pay her attorney 25% (or any other portion) of the past-due award she received from the SSA. The Court therefore does not reach the Commissioner's remaining points.

The Social Security Act provides:

---

[2] $17,267.75 - $6,000.00 = $11,267.75.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

Under Fed. R. Civ. P. 54(d)(2)(B), § 406(b) fee motions must be filed within 14 days of "when [plaintiff] receives notice [from the SSA] of the benefits calculation." *Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 91 (2d Cir. 2019). Courts have the discretion to enlarge the 14-day filing period "where circumstances warrant," *id.* at 89, such as when the delay is attributable to "excusable neglect." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226-28 (2d Cir. 2004). Excusable neglect is an "elastic concept" that is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Tancredi*, 378 F.3d at 228 (quoting *Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993)). It is not, however, so elastic as to permit an award where, as here, the motion was first filed fourteen **months** after the issuance of the NOA, and where the motion papers contain not a word of explanation concerning the delay. *See, e.g.*, *Sinkler*, 932 F.3d at 91 (affirming denial of fee motion filed six months after claimant received NOA); *Sargent v. Soc. Sec. Admin., Comm'r*, 2019 WL 5388109, at *2-3 (D. Vt. Oct. 22, 2019) (denying fee motion because filing delay of approximately a year was "unreasonable"); *Yackel v. Barnhart*, 178 F. Supp. 3d 23, 27 (N.D.N.Y. 2016) (where "counsel waited nearly two years before filing th[e] request for attorneys' fees," plaintiff "should not be further penalized and deprived of his past-due benefits in order to pay his attorneys who failed to avail themselves of the attorneys' fee application process in a timely manner"); *Garland v. Astrue*, 492 F. Supp. 2d 216, 221 (E.D.N.Y. 2007) (denying fee

3

application because nine-month delay in filing, after issuance of the NOA, "was unreasonable unless justified by a compelling reason").

Even if the Court were inclined to evaluate the fee petition substantively, it could not do so, because attorney Silverman failed to provide the Court any evidence regarding his fee agreement with his client. Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. Rather, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* Among the "[f]actors to be considered when determining whether an award is reasonable is "whether the retainer was the result of fraud or overreaching by the attorney." *Pelaez v. Berryhill*, 2017 WL 6389162, at *1 (S.D.N.Y. Dec. 14, 2017), *report and recommendation adopted*, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018). Here, the Court cannot determine whether the retainer was fair, or otherwise review the arrangement between plaintiff and her counsel as required, because no evidence of any such arrangement has been placed before the Court.[3]

For these reasons, plaintiff's motion is DENIED. Upon entry of judgment herein, the Social Security Administration shall release to plaintiff the remaining $11,267.75 in past-due benefits which was withheld.

Dated: New York, New York  
October 4, 2022

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**

---

[3] In his affirmation, attorney Silverman states that payment for his services was "[c]ontingent upon the successful prosecution of this case," Silverman Aff. at 2, but does not state what that payment was to be.